## Samuel P. Hiester v. Charles W. Yerger, Appellant.

*Will—Heirs—Rule in Shelley's case.*

Testatrix devised real estate to her nephew "for and during the term of his natural life, upon conditions to keep the same in good repair and insured and also pay all the taxes thereon during said term, and after his decease, whether before or after my decease, I give and devise the said premises unto his then surviving heirs in fee simple." *Held*, that the nephew took a fee simple estate in the land.

Argued Feb. 6, 1895.   Appeal, No. 67, Jan. T., 1895, by defendant, from judgment of C. P. Montgomery Co., June T., 1894, No. 10, in favor of plaintiff on cases stated.   Before STER-RETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Case stated to determine the marketable title of real estate which plaintiff agreed to sell to defendant.

From the case stated it appears that plaintiff claimed title under the will of his aunt, Mary Hiester Weber.

The material portion of the will is as follows:

"Clause IV. I give my residence, No. 32 East Airy street with the lot and appurtenances belonging thereto, and the premises No. 55 Penn street both in said borough (Norristown) to my nephew Samuel P. Hiester for and during the term of his natural life, upon conditions to keep the same in good repair and insured and also pay all the taxes thereon during said term,

and after his decease, whether before or after my decease, I give and devise the said premises, No. 32 East Airy street, unto his then surviving heirs in fee simple."

WEAND, J., filed the following opinion:

"Whether intentional or otherwise, the testatrix has used words which, under the uniform rulings of our court, confer an absolute estate in the first taker. Had the will read 'to Samuel P. Hiester' for life and after his decease to his 'heirs in fee simple,' there could have been no serious contention as to the construction to be placed upon the devise. The added words 'his then surviving' heirs do not change the meaning to be given to the word 'heir,' and may be treated as superfluous, as was done in Criswell's Appeal, 41 Pa. 288, where the devise was to testator's son Joshua during his natural life and that of his present wife, etc., 'and it is further my will and desire that after the decease of my son Joshua and his present wife that the said tract of land descend to their heirs jointly and their heirs and assigns forever, or to such of them as may be living,' the court holding that the addition by the testator of the words 'then living' to the word heirs was insufficient to cause the latter to give way; for superfluous or inconsistent words or doctrines in a will will not suffice to reduce the word 'heirs' or 'heirs of the body' to words of purchase. To the same effect is Appeal of Cockins and Harper Executors, 111 Pa. 26, where the devise was 'to my three nieces, share and share alike, during their lives, and at their deaths to go to their heirs in equal amounts to all heirs living at the time of their deaths;' and it was held that the devisees took under the rule in Shelley's case, the real estate in fee simple and the personal estate absolutely.

"There is no distinction between the expressions 'his then surviving heirs' and 'heirs then living,' or 'heirs then living at the time of their deaths.' In each case the word 'heirs' refers to those who under the intestate laws would inherit from the first taker qua heirs.

"Following the ordinary rules of construction, therefore, the word 'heirs' as used in this devise, must be presumed to have been used by the testatrix in its technical sense, and is to be regarded as a word of limitation and not of purchase, there being nothing in the will to show that it was used in any other

manner.  The testatrix unquestionably intended the remainder-men to take through the tenant for life, and not directly from herself.  Conceding that the testatrix intended to give Samuel P. Hiester but a life estate in the premises No. 32 East Airy street, yet having ascertained that she used the word 'heirs' in its technical sense we must apply the rule governing cases of this kind, although by so doing we defeat the particular intent of the testator.

" And now, October 1, 1894, judgment is entered in favor of the plaintiff and against the defendant for the sum of fifty dollars with costs of suit."

*Error assigned* was entry of judgment as above.

*William F. Solly*, for appellant, cited : Fearne on Contingent Remainders, 188; Kleppner v. Lavarty, 70 Pa. 70; Yarnall's Ap., 70 Pa. 335; Leightner v. Leightner, 87 Pa. 144; Hileman v. Bouslaugh, 13 Pa. 344; 22 Am. & Eng. Ency. of Law, 495; Huss v. Stephens, 51 Pa. 282; Guthrie's Ap., 37 Pa. 9; Kunt-zleman's Est., 136 Pa. 142; 22 Am. & Eng. Ency. 517.

*James S. Williams*, for appellee, cited : Auman v. Auman, 21 Pa. 343; 22 Am. & Eng. Ency. of Law, p. 503; Trust Co.'s Ap., 93 Pa. 209; Stone v. McMullen, 10 W. N. C. 541; Guth-rie's Ap., 37 Pa. 1; Criswell's Ap., 41 Pa. 288; Cockin's Ap., 111 Pa. 26.

PER CURIAM, Jan. 25, 1895 :

For reasons given by the learned judge of the common pleas, we think he was clearly right in holding that, under the will of Mary Hiester Weber, the plaintiff is seized of a fee simple estate in the premises in question, and in entering judgment in his favor on the case stated.  All that need be said in support of the judgment will be found in the clear and concise opinion of the court below; and on it the judgment is affirmed.

Judgment affirmed.