## McMICHAEL v. McMICHAEL.

1. DEEDS—LIMITATION OF ESTATES.—A deed to A "during his natural life, and after his death to his children * * to have and to hold * * unto the said A during his natural lifetime, and after his death to his children, and assigns forever," carries only a life estate to the children of A living at execution of deed. MR. JUSTICE GARY *dissents.*

2. TRUST DEED—IBID.—A court of equity will construe a trust deed to carry a fee simple to the trustee in the absence of the word "heirs," if such estate is necessary to carry out the trust, and such intent can be infered from the whole deed. Cases considered.

Before WATTS, J., Orangeburg, October, 1897. Reversed.

Rule to require Joseph B. Traywick to complete his purchase of a tract of land bid off by him at partition sale in McMichael *v.* McMichael. From judgment of Circuit Court requiring him to complete his purchase, Traywick appeals.

*Messrs. Raysor & Summers,* for appellant, cite: *Caveat emptor does not apply to partition sales:* 9 S. C., 287. *Specific performance only directed when title reasonaly clear and marketable:* 35 S. C., 314; 37 S. C., 309; 1 DeS., 382.

*In the absence of the word heirs in a deed, the grantee takes only a life estate:* 13 Pa., 344; 14 Mo., 177; 7 Vroom., 432; 1 Id., 505; 48 Md., 344; 15 Ark., 222; 92 Ill., 377; 12 Rich., 318; 15 S. C., 284; 21 S. C., 424; 32 S. C., 85; 36 S. C., 298; 48 S. C., 341; 39 S. C., 18; 40 S. C., 468; 44 S. C., 24; 48 S. C., 349. *"Heirs" cannot be supplied by "assigns,"* &c.: 29 Graf., 448; 1 Allen, 58; 10 Ohio, 1; 5 Rich. Eq., 449. *Habendum cannot control premises:* 4 McC., 498; Harp., 492; 47 S. C., 293. *Omission of word "heirs" in trust deed not fatal:* 46 S. C., 370; 35 S. C., 314; 10 Johns, 505; 15 S. C., 286. *"Children" does not mean "heirs:"* 3 Rich. Eq., 559; 16 S. C., 227; 24 S. C., 314; 25 S. C., 362; 36 S. C., 367. *This deed not covenant to stand seized to uses:* 12 S. C., 564; 17 S. C., 531.

*Mr. W. C. Wolfe,* contra, cites: *Valuable consideration prevents reverter:* 35 S. C., 314. *This deed may be construed a trust deed, and "heirs" not necessary:* 15 S. C., 281; 46 S. C., 337; 34 Me., 532. *Life tenant trustee for remainderman:* 2 Hill Ch., 523; 1 McC. Ch., 22; 31 S. C., 118. *Difference between fee simple and fee conditional:* 3 Rich. Eq., 277; 17 S. C., 551; 21 S. C., 368; 13 S. C., 119; Bail. Eq., 227; 11 S. C., 306; 28 S. C., 242; 2 Hill L., 552; 1 Rich. Eq., 111. *Intent of grantor must prevail:* 28 S. C., 129; 35 S. C., 314; 46 S. C., 356; 17 S. C., 536. *Other words than "heirs," indicating perpetuity, may carry the fee, if such is obvious intent of grantor:* 15 S. C., 281; 35 S. C., 314; 46 S. C., 356; 15 S. C., 442; 19 S. C., 351; 23 S. C., 235.

March 23, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellant, Joseph B. Traywick, became a purchaser of a tract of land in Orangeburg County, sold for partition in the above entitled case, and he having refused to comply with his bid, a rule was issued requiring him to show cause why he should not be compelled to complete his purchase. In his return, he alleged

that he could not get a good title in fee to the premises sold, as reason for his refusal to comply. Judge Watts decreed that the purchaser's title under said sale was reasonably clear and marketable, and ordered him to comply.

The only question presented here is, whether the purchaser's title under said sale would be reasonably clear and marketable, and this question depends upon the construction of the deed of A. K. McMichael to R. V. McMichael, under which plaintiffs and defendants claim title in fee to the premises sold. The deed, in consideration of $1 and love and affection, conveys "unto the said R. V. McMichael, during his natural lifetime, and after his death to his children," the premises described, "to have and to hold, all and singular the said premises unto the said R. V. McMichael during his natural lifetime, and after his death to his children and assigns forever," with warranty "unto the said R. V. McMichael, and after his death to his children, executors, administrators, and assigns, against myself, my heirs," &c. The plaintiffs and the defendants, Eva J. McMichael and Lula E. McMichael, are children of R. V. McMichael, and these children, except Eva J. and Lula E., were living at the time of the execution of the deed. The defendants, Willie S. McMichael and Annie E. McMichael, are grand-children of R. V. McMichael, being children of a predeceased son. By this deed, the children of R. V. McMichael, living at the time of its execution, took an estate for life only, after the death of R. V. McMichael. The technical rule of the common law makes it essential to the creation of an estate in fee simple in a natural person by deed, that there be in the deed an express limitation to such person and his "heirs." This rule is generally and inflexibly enforced in the United States, except where abrogated or modified by statute. While many States have altered this rule by statute, no such statute, as applicable to deeds, has been adopted in this State, and our Courts have repeatedly and uniformly recognized and enforced the strict rule of the common law.

*Knotts* v. *Hydrick*, 12 Rich., 318; *Bratton* v. *Massey*, 15 S. C., 284; *Varn* v. *Varn*, 32 S. C., 85; *Jordan* v. *Neece*, 36 S. C., 298; *Harrelson* v. *Sarvis*, 39 S. C., 18; *Bradford* v. *Griffin*, 40 S. C., 468; *Wilson* v. *Watkins*, 48 S. C., 341.

An exception to this rule is recognized in this State, in the case of trust deeds, where the purposes of the trust require that the trustee or *cestui que trust* shall take an estate of inheritance, in which case the word "heirs" is not essential to create such an estate. A court of equity, in its jurisdiction over trusts, not being bound by the technical rules of the common law, will seek the intention of the grantor from the whole instrument; and if it contains words other than "heirs," indicating an intention to convey a fee simple, may so declare the intent in order to effectuate the trust. This distinction is clearly shown in *Bratton* v. *Massey*, 15 S. C., 284, and in *Foster* v. *Glover*, 46 S. C., 538. The case of *Hunt* v. *Nolen*, 46 S. C., 356, upon which the Circuit Judge relied, related to the construction of a *trust* deed, and thus the Circuit Judge fell into the error of applying the exceptional construction permitted as to trust deeds, to the deed in question, which is not a trust deed. In *Fuller* v. *Missroon*, 35 S. C., 314, cited to sustain the Circuit decree, the deed construed was a trust deed.

The use of the words "assigns forever" in the habendum clause cannot enlarge the life estate granted to the "children" into a fee simple. *Wright* v. *Herron*, 5 Rich. Eq., 449. These words may have their full technical meaning and yet be consistent with the life estate granted in the premises. "When there are no words of inheritance in the premises, in which case the grantee would take only a life estate by implication, there resort may be had to the terms of the *habendum* to ascertain the quantity of the estate intended to be conveyed, and these terms may, if sufficient, rebut the implication." The foregoing quotation is the language of Chief Justice McIver, in his dissenting opinion in *McLeod* v. *Tarrant*, 39 S. C., 280,

and correctly states the rule applicable to this case; but, as stated, there are no words in the *habendum* sufficient to rebut the implication of a life estate from the absence of the word "heirs" in the premises, but, on the contrary, the words of the *habendum* are entirely consistent with the premises. It is well understood that the warranty clause cannot enlarge the estate granted. Its office is not to describe or create an estate, it merely accompanies and warrants the estate already created. The rule of *caveat emptor* does not apply to partition sales, *Bolivar* v. *Zeigler*, 9 S. C., 287; and the purchaser at such sale cannot be compelled to comply with his bid, unless a reasonably clear and marketable title be ready for tender to him. *Fuller* v. *Missroon*, 35 S. C., 314; *Butler* v. *O'Hear*, 1 DeS., 382.

It may not be amiss to say that since, under our construction of the deed, the fee in the land remains in Mrs. Ann K. McMichael, or in her heirs at law, if she be dead, intestate, subject to the life estate in the children of R. V. McMichael, that the purchaser, having under his purchase acquired the life estate of said children, would get a good title, *provided* Mrs. Ann K. McMichael be dead, intestate, and the parties before the Court are her only heirs at law. But the record does not disclose whether Mrs. Ann K. McMichael is dead, or, if dead, whether testate or intestate, nor does it appear that all her heirs at law are before the Court. We must assume that these facts would have been made to appear if such existed.

Having ascertained that the appellant could not take a reasonably good title under his purchase, we must hold the decree compelling him to comply erroneous.

The judgment of the Circuit Judge is reversed, and the rule is discharged.

MR. JUSTICE GARY, *dissenting*. None of the cases cited in the opinion of Mr. Justice Jones, it seems to me, are controlling in this case. I am unwilling to delay the filing of the opinion by consuming the time that would be necessary

to review the authorities upon which he relies, and to state my views at length, but I will set forth briefly the reasons for my dissent.

1. The Court should, if possible, give effect to the grantor's intention expressed in the deed, and to ascertain the intention, all the parts of the deed should be considered. If it can be construed so as to make effectual all its parts, it is the duty of the Court so to construe it, rather than to render a construction that would make nugatory any of its parts.

2. The deed conveys a life estate to R. V. McMichael in technical language, but no such restrictive words are used as to the estate conveyed to the children of the grantor, in the premises of the deed. This fact would not, of course, in itself, be of any force, but it is significant when considered in connection with the other provisions of the deed.

3. The words in the habendum clause of the deed are sufficient in form to pass the fee, and show that the grantor intended to part with all title to the land. These words, when construed with reference to the estate conveyed to the children in the premises, are inconsistent with the theory that only a life estate was intended.

4. The construction placed upon the deed by Mr. Justice Jones was such as would necessarily have been placed upon the deed if there had been no habendum clause. His construction ignores the habendum clause, while ours gives effect to all the parts of the deed.

I, therefore, dissent from the opinion of Mr. Justice Jones.