KENNEDY v. COLCLOUGH.

RULE IN SHELLEY'S CASE—LIMITATION OF ESTATES.—The words in a conveyance to a trustee in 1859, in trust "for the sole and separate use of the said W." (a married woman), "during her life and after her death to her heirs at law forever," indicate an indefinite succession of interest, the rule in Shelley's case applies and W. takes a fee simple estate.

Before KLUGH, J., Sumter, June, 1902.    Affirmed.

Action by Richard Bertrand Kennedy and Leonidas Kennedy, by their guardian *ad litem*, against E. Bertrand Colclough.   From Circuit decree, the plaintiffs appeal on the following exceptions:

"I. Because his Honor erred in applying the rule in Shelley's case to the deed of Landgrave T. Smith, and in holding that the plaintiffs had no interest in the land in dispute.

"II. Because the terms of said deed show, and his Honor erred in not holding, that it was the manifest intention of the grantor to create only a life estate in Martha C. Wright, with remainder to her heirs at law forever, and the terms are not such as to bring the conveyance within the rule in Shelley's case so as to permit the overruling of such intention, in that, (a) The order of Court recited in the deed bound the grantor to create only a life estate in Martha C. Wright, with remainder to her heirs at law forever, and to apply the rule in Shelley's case would supersede the plain order of the Court.    (b) The superadded word 'forever' in the clause, 'and from and after the death of the said Martha C., then to and for the use of the heirs at law of the said Martha C. forever,' shows the heirs at law are to take as a new stock of inheritance and not as an indefinite line of descent, which prevents the application of the rule. * * *

"IV. Because all persons being presumed to contract under and with respect to existing laws, the laws then exist-

ing prior to the Constitution of 1868, considered in connection with the deed, also shows that it was the intention of the grantor to create a life estate in trust for Mrs. Martha C. Wright and an absolute estate in fee simple in her heirs at law as remaindermen, and his Honor erred in not so holding, and erred in applying the rule in Shelley's case."

*Mr. A. B. Stuckey,* for appellant, cites: 16 S. C., 290; 21 S. C., 313; 42 S. C., 342.

*Messrs. Lee & Moise* and *Haynsworth & Haynsworth,* contra. The former cite: 52 S. C., 556; 3 Hill, 193; 11 S. C., 71; 17 S. C., 545; 22 Ency., 510; 60 Pa. St., 492; 70 Pa. St., 385; 27 Ency., 132; 41 L. J., 296; 60 Pa., 69; 62 Md., 14.

The latter cite: 46 S. C., 537; 42 S. C., 347.

July 13, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The sole question presented by this appeal is whether this language in a certain deed is governed by the rule in Shelley's case: "A fee simple title of 186 acres of land to trustee, to be by him held in trust for the sole and separate use of the said Martha C. Wright" (a married woman), "during her life and after death to her heirs at law forever." The presiding Judge on Circuit held that the rule in Shelley's case operated to give Mrs. Martha C. Wright a fee simple estate in the lands, and, therefore, dismissed plaintiffs' complaint. The plaintiffs now appeal from said decree on three grounds, which present in different phases the question above stated. Let the first, second and fourth grounds be reported, as third and fifth were abandoned at the hearing before us.

The case at bar arose as follows: Mrs. Martha C. Wright and her husband presented their petition to the court of equity in the year 1859, asking that a slave belonging to her absolutely, though the legal title was held by a trustee to pro-

tect her estate from the marital rights of her husband, be sold and the proceeds of sale be used to pay for the fee simple title of 186 acres of land as a substitute for that part of her trust estate sold. Chancellor J. A. Inglis, on the 29th December, 1859, made an order wherein he directed the commssioner in equity for Sumter District (now county) to execute an absolute bill of sale of such negro slave at the price of $1,050, and from the proceeds of such sale to use $1,040 for the purchase of the fee simple title to 186 acres of land from one Landgrave T. Smith, but required that the deed for the land be taken in fee simple by the then commissioner in equity in special trust "for the sole and separate use of the said Martha C. Wright during her life and after her death to her heirs at law forever." All these things were done. Some time in the year 1883, the said life tenant, Martha C. Wright, and all her living children united in making a mortgage of said lands to one John McLaughlin, in order to secure the loan of money. The husband of Mrs. Martha C. Wright died in 1886. The mortgage was regularly foreclosed in the year 1894, and at such sale the grantee, through whom the defendant now claims, became the purchaser. The ancestor of the plaintiffs died before Mrs. Martha C. Wright. Mrs. Wright departed this life some time in 1899. If Mrs. Martha C. Wright was possessed of the fee simple title to these lands through the principle of law now known as the rule in Shelley's case, then the plaintiffs have no case. If, however, the rule in Shelley's case does not apply to this cause, then the plaintiffs are entitled to two-twelfths between them, and the defendant is entitled to the remaining ten-twelfths of said lands. We have abridged the recitals of the pleadings, the agreed statements of facts, the petition, order of Ch. Inglis, deed, &c. All these matters appear in the "Case" itself.

These are our views, whenever in a deed or will there are added words to a life estate which indicate that "heirs at law," "heirs," "heirs of the body," used after such life estate, indicate that a new estate is created in such "heirs," "heirs

at law," "heirs of the body," &c., then such persons take as purchasers. But when the use of the word "heirs," "heirs at law," "heirs of the body," &c., show, and the meaning of an indefinite succession is clearly seen, then the rule in Shelley's case comes into action and operates to enlarge the estate of the first taker into a fee simple or a fee conditional. To be practical: If the use of the words after the life estate for Martha C., to wit: "after her death to her heirs at law forever," operates to create a new start of an estate, one not derived through Martha C., then the subsequent holders after the death of the life tenant, Martha C., will take as purchasers, and no enlargement to the life estate could take place. On the contrary, if the words used indicate an indefinite succession of interest, why then the rule in Shelley's case will apply, and convert the life estate into a fee simple. Appellants seem to admit this, but for the use of the word "forever." We ought to have stated that, under the authority of the case of *Shaw* v. *Robinson,* 42 S. C., 342, 20 S. E., 121, since the adoption of our State Constitution in the year 1868, the trustee provided for by Chancellor Inglis' order of the year 1859 ceased, and the use provided for the said trustee was dispensed with, thereby vesting the legal and equitable interest in Mrs. Martha C. Wright. Then, to go back to the original question, what effect is to be given the use of the words, "and after her death to her heirs at law forever?" First and foremost, the Chancellor must have intended to carve out a fee simple estate; it was this which was provided for Mrs. Martha C. Wright before the Chancellor acted; he could not have intended of his own motion to have provided for a new settlement. But be that as it may, did his words do anything more than provide a fee simple for her? When you create a fee simple by deed, you use the words, "to A. and his heirs forever." If A. lives or has heirs, and dies without action in selling or giving his estate away, it always vests in his heirs; but more than this, these words, "heirs at law," after a life estate make the fee simple estate. It shows the quantity of the estate carved out. The

word "forever" adds nothing to the quantity of the estate. Is there not, when we construe the words "heirs at law forever," an indefinite line of succession provided for?

It seems to us the discussion of this subject has worn threadbare. The authorities—*Whitworth* v. *Stuckey*, 1 Rich. Eq., 404; *Simms* v. *Buist,* 52 S. C., 554, 30 S. E., 400; *Shaw* v. *Robinson,* 42 S. C., 342, 20 S. E., 161—and cases therein cited, abundantly support our views.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.