HOLMAN v. WESNER.

LIMITATION OF ESTATES—FEE CONDITIONAL.—A conveyance to my son J., "during his life and after his death to the lawful begotten issues of his body, and should the said John die without leaving such issues as above or should his issues as above die without leaving lawful issues then the said lands to return to my children or their lawful issues," carries a fee conditional to John.

Before PURDY, J., Orangeburg, May, 1903.    Affirmed.

Action by Alice M. Holman, Agnes Haigler and Rufus Haigler against J. O. Wesner. From Circuit decree, defendant appeals.

*Mr. J. W. Bowman,* for appellant, cites: 16 S. C., 310.

*Mr. Wm. W. Wannamaker,* contra, cites: Williams on Real Prop., sec. 245; 65 S. C., 354; 1 Strob. Eq., 193.

August 4, 1903.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The object of this action was to compel specific performance of a contract for the sale and purchase of real estate.    The issue raised was whether plaintiffs could convey a good title, and involved the construction of a deed executed by Adam Haigler to John Lewis Haigler on February 11, 1832, conveying the land in question and constituting one of the links in plaintiffs' title.    The Circuit Court (Judge Purdy) construed the deed as conveying to John Lewis Haigler a fee conditional, under the authority of *Mattison* v. *Mattison,* 65 S. C., 345, and held that plaintiffs having acquired all the interests of the issue of the body of

John Lewis Haigler after his death, could convey a good title, and so decreed for specific performance on the part of the defendant. The deed in this case conveyed the land in question "to John Lewis Haigler during his life and after his death to the lawful begotten issues of his body and should the said John Lewis Haigler die without leaving such issues as above, or should his issues as above die without leaving lawful issues then the said lands to return to my children or their lawful issues;" then follows a clause providing that the wife of John Lewis Haigler shall have privilege to live on the said land during her widowhood, and in the habendum are these words, "to have and to hold all and singular the said premises from henceforth as his and their property upon the above condition absolutely." It is clear that the grant "to John Lewis Haigler during his life and after his death to the lawful issues of his body and should the said John Lewis Haigler die *without leaving such* issues as above" then over would be a fee conditional, under the principle stated in *Whitworth* v. *Stuckey*, 1 Rich. Eq., 411, a case which has been very often recognized and followed in the State; for in that case the testator devised lands to his son "for and during his natural life and at his death to the lawful issues of his body and if he should die without lawful issue living at the time of his death then" over. The Court held that the limitation to the lawful issue of his body served only to enlarge the estate of the son to a fee conditional at common law, and did not create a remainder to the issue as purchasers. So in the case of *Bethea* v. *Bethea,* 48 S. C., 440, 26 S. E., 716, the Court held that a devise to a wife "during her natural life and at her decease to my son R. and to the lawful issue of his body, and if the said R., should die without lawful issues," it "shall be divided equally among my other heirs," gave R. a fee conditional. In the case of *Mattison* v. *Mattison, supra,* cited by the Circuit Court, the deed conveyed to M. certain lands, and in the habendum provided "To have and to hold * * * unto the said M. and the heirs of his body lawfully begotten during his or their life or lives, and

should he and his heirs as aforesaid become extinct then the estate aforesaid to return to my lawful heirs," and the Court held that the deed carried a fee conditional to M. The words "issues of the body," like "heirs of the body," mean all lineal descendants to the remotest posterity, and are words of inheritance and not of purchase, unless the instrument shows they were used in a restricted sense, as to indicate "children." See the case of Duckett *v.* Butler, *ante,* 130, recently filed. We do not think there is anything in this deed to warrant us in construing "issues of the body" as "children." The superadded words, "or should *his issues as above* die without leaving lawful issues, &c.," do not necessarily indicate that the grantor intended to use the words "issues of the body" in a restricted sense, but, on the contrary, show that the grantor contemplated a limitation over only upon extinction of the lineal descendants of John Lewis Haigler to the remotest generation. The words "issues of the body" in this deed can only be construed as denoting an indefinite succession of lineal descendants who are to take by inheritance.

The judgment of the Circuit Court is affirmed.