## DAVENPORT v. ESKEW.

Deed—Rule in Shelley's Case.—A conveyance in form fee simple, except that in the paragraph describing the property are the words, "The above named land to be held by Matilda Roberts during her natural life, then to be distributed equally between her remaining heirs," is governed by rule in Shelley's case, and carries fee simple to R.

Before DANTZLER, J., Greenville, December 8, 1903. Affirmed.

Action by Jane Davenport against Amanda Eskew *et al.* From Circuit decree, plaintiff appeals.

*Messrs. McCullough & McSwain,* for appellant, cite: 25 Ency., 640, 649, 650; 23 S. C., 56; 52 S. C., 561; 24 Ency., 312; 23 Md., 4; 39 S. C., 143; 1 Rich. Eq., 412; 2 Rich. Eq., 407; 28 S. C., 486; 64 S. C., 180; 2 S. E. R., 522; 95 N. C., 262; 5 Ird. Eq., 400; 43 S. E. R., 550; 25 Ency., 652; 4 Kent. Com., *221, 229, 230; 16 S. C., 227; 5 Rich. L., 423; 2 Hill L., 328; Bail. Eq., 535.

*Messrs. Shuman & Muckenfuss,* contra, cite: 2 Wash. Real Prop., *268, 269, 273, 275; 3 Hill L., 193; 5 Rich. Eq., 356, 441; 6 Rich. Eq., 138; 52 S. C., 554; 2 Jar. on Wills, *303, 30; 28 S. C., 238; 25 Ency., 2 ed., 652; 166 Pa. St., 446; 41 Pa. St., 288; 111 Pa. St., 26; Rich. Ch., 10; 12 Rich. L., 397; 1 Rich. Eq., 396; 32 S. C., 77; 12 Rich., 397.

June 23, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The widow and children of Mathias Roberts agreed upon a division of his estate, and interchanged deeds for the lands. The deed to the widow, Matilda Roberts, is in form an ordinary fee simple conveyance, with general warranty, except the following sentence at the conclusion of the first paragraph describing and granting the land: "The above named land to be held by Matilda Roberts during her natural life, then to be distributed equally between her remaining heirs."

Matilda Roberts died in 1903, leaving as her heirs her children, the plaintiff, Jane Davenport, and the defendants, Amanda Eskew and Elizabeth Chapman, and the other defendants, the infant children of a deceased son. By her will, Matilda Roberts directed her executors to sell the land conveyed to her in the partition and divide the proceeds among her two daughters, Amanda Eskew and Elizabeth Chapman, and the children of her deceased son, to the exclusion of her daughter, the plaintiff.

In this action for partition, the plaintiff insists, that under the deed from the other heirs of Matthias Roberts, the testatrix took only a life estate, and upon her death the land became the property of those who then answered to the description of heirs. The master and the Circuit Judge both held that the rule in Shelley's case was applicable, and that the deed conveyed a fee simple title, which passed under the will of Matilda Roberts.

The much discussed question, whether the words "to be distributed equally" and similar expressions, are sufficient

to take a devise or conveyance out of the rule in Shelley's case, must be regarded finally settled in this State by the unanimous judgment of this Court in *Simms* v. *Buist,* 52 S. C., 561, 30 S. E., 400.   This view is in accord with the highest authority elsewhere—3 Jarman on Wills, 144 and 150 (5th American ed.) ; *Jesson* v. *Wright,* 10 Eng. Ruling Cases, 714 ; 2 Washburn on Real Property, 652.

The appellant insists, however, that if the words, "then to be distributed equally," standing alone, would not be sufficient to take the deed out of the rule in Shelley's case, that the expression "remaining," should be held to mean surviving, and so construed, further limits the signification of the word "heirs."

It does not avail the plaintiff to give the words "remaining heirs" the same meaning as *surviving heirs.*   When a grant or devise is to surviving children or surviving issue, as distinguished from children or issue generally, it is manifest that the intention is to take a particular class from a general class—to include those children or issue who survive and exclude those who do not.   The word *surviving* in such case has a qualifying effect, and the rule laid down in *McCorkle* v. *Black,* 7 Rich. Eq., 407, and *Gadsden* v. *Desportes,* 39 S. C., 131, 17 S. E., 706, is applicable.   But there can be no heirs except surviving or remaining heirs, and hence these words have no effect when used, as in this case, in connection with the general term heirs.   Appeal of Cockins and Harper, executors, 111 Pa. St., 26 ; Criswell's Appeal, 41 Pa. St., 288 ; *Heister* v. *Yerger,* 31 Atl., 122 (Pa.).

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.