CLARK v. NEVES.

CLARK v. GILREATH.

CLARK v. ROE.

CLARK v. ROE.

CLARK v. EDWARDS.

1. LIMITATION OF ESTATES—DEED.—Conveying land in trust for the sole, separate and exclusive use of B. during her life and at her death to be divided amongst her children surviving her, grandchildren to represent the share of a deceased child, carries a life estate to B. with remainder to her surviving children as purchasers.

2. IBID.—DEED conveying land in trust for sole and separate use of B. during her natural life, and at her death to belong of right in fee simple to the lineal heirs of B. forever, carries to B. a fee conditional, and the lineal heirs of B. take by inheritance.

3. SERVICE OF MINOR IN PROBATE COURT.—After lapse of 20 years, when the record in probate court is silent as to service of summons on minors under 14 years of age, or on the guardian or parent, it will be presumed they were properly served. This presumption is strengthened in this case by a certificate on the back of the summons signed by the mother of the minors as guardian *ad litem* to the effect that the summons had been served on her as guardian *ad litem* and on them.

Before PURDY, J., Greenville, June, 1906. Affirmed and Reversed.

Five cases—(1) J. H. Clark, Ellen A. Meadors, Amelia D. Gibson, Mary F. Miller and W. A. Clark against B. F. Neves; (2) Same plaintiffs against A. D. and J. P. Gilreath; (3) Same plaintiffs against T. M. Roe; (4) Same plaintiffs against Fannie K. Roe; (5) Same plaintiffs against J. A. Edwards. From judgment for plaintiffs in first case defendant appeals; and from judgment for defendants in the four other cases the plaintiffs appeal.

*Messrs. Blythe & Blythe,* for plaintiffs, cite: *As to the construction of the Springfield deed:* 16 S. C., 225; 24 S. C., 304. *As to the construction of the other deeds:* 3 Rich. Eq.,

371; 52 S. C., 563; 1 Strob. Eq., 344; 3 Rich. Eq., 559; 16 S. C., 290; 1 Rich. Eq., 404; 28 S. C., 294; 52 S. C., 558; 35 S. C., 331; 46 S. C., 370. *Did probate court obtain jurisdiction of minors:* 59 S. C., 504. *Plaintiffs are not barred:* 59 S. C., 507.

*Mr. Jos. A. McCullough,* contra, cites: *As to the rule in Shelley's Case:* 1 Bay., 457; 69 S. C., 293; 5 Rich. Eq., 356; 3 Rich. Eq., 572; 16 S. C., 296; 28 S. C., 486; 52 S. C., 562; 51 S. C., 557; 15 S. C., 284; 35 S. C., 314; 46 S. C., 356, 522; 42 S. C.. 346; 67 S. C., 121; 46 S. C., 537; 67 S. C., 130, 309. *Presumption is that these parties were properly before the probate court:* 59 S. C., 505; 34 Cal., 391; Black on Judg., sec. 277; 18 Wall, 350; 31 S. C., 112, 603; 72 S. C., 320.

April 3, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. These were five separate suits for partition. The issues of title raised in the answer were submitted to the jury and verdicts were rendered under direction of the Court. These verdicts were confirmed on the equity side of the Court and decrees made dismissing the complaint in the four last named cases, and with respect to the first named case it was adjudged that plaintiffs were only entitled to partition as owners of an undivided five-sixths of one-ninth interest in the forty-five and one-fourth acres of land claimed by B. F. Neves, embraced in the Springfield tract, and an accounting for rents and profits thereof for six years preceding the action.

The lands in question were conveyed to W. A. Clark, as trustee for Eleanor B. Clark, in three separate deeds, one by Bennett Springfield in 1855, for fifty-seven acres; one by H. J. Gilreath in 1857, for two hundred and nineteen acres; and one by T. B. Roberts in 1858. for about one hundred and thirty-five acres. These three tracts were con-

tiguous and remained in the possession of Mrs. Clark as one body of land until 1873, when proceedings were instituted in the probate court for partition and sale. Under these proceedings the defendant, Neves, held forty-five and one-fourth acres of the Springfield tract and one hundred acres of the Gilreath tract; the defendants, A. D. & J. P. Gilreath, held seventy-two and three-fourths acres of the Gilreath tract; the defendants, T. N. Roe, Fannie K. Roe and J. A. Edwards, held portions of the Roberts tract, containing, respectively, fifty-eight, thirty-five and forty-five acres.

Eleanor B. Clark died August 8, 1897, and these actions were commenced October 9, 1905, by the plaintiffs, claiming estates in remainder in the premises under the deeds of Eleanor B. Clark, and that they were infants at the time of the partion and sale in the probate court, were not properly made parties thereto, and were not bound thereby.

The first question then is as to the construction of the deeds under plaintiffs' claim. The language of the Springfield deed is "to have and to hold * * * unto the said W. A. Clark, trustee as aforesaid, in trust for the sole and separate and exclusive use of the said Eleanor B. Clark during her life * * * and at the death of the said Eleanor B. Clark to be divided amongst her children surviving her, grandchildren to represent the share of a deceased child." The Circuit Court construed this deed to give Eleanor B. Clark a life estate with remainder to her surviving children as purchasers, hence the plaintiffs, as children of a deceased child, took the share of that child, or five-sixths of one-ninth of the Springfield tract. This ruling affected defendant Neves alone, and he has not excepted thereto. We refer to it, however, because it serves to illustrate the question of construction involved in this appeal. The construction was correct and in accord with *Bannister* v. *Bull,* 16 S. C., 225, and *Smith* v. *Smith,* 24 S. C., 304, and other cases which hold that the rule in Shelley's case is not applicable when the limitation is to "children," immediate offspring, a restricted class or number who take

as purchasers, as distinguished from "heirs" or "heirs of the body," which terms without superadded qualifying words denote an indefinite line of descent, taking by inheritance.

The Gilreath and Roberts' deeds are practically the same language: "To have and to hold * * * to said W. A. Clark, in trust for * * * Eleanor B. Clark, * * * for and during her natural life, and at her death the said premises are to belong of right in fee simple to the lineal heirs of the said Eleanor B. Clark forever." The Circuit Court held that the rule in Shelley's case applied here and that Eleanor B. Clark took a fee conditional; hence plaintiffs had no interest in the Gilreath and Roberts' tracts. The appellants contend that this construction was erroneous, that the limitation "lineal heirs" is so qualified by the superadded words "in fee simple" "forever" as not to denote an indefinite line of descent, but a new stock of inheritance, "lineal heirs" living at the death of the first taker. This being a deed instead of a will, and an executed trust instead of an executory trust, the construction must be governed by the strict rules of the common law. *McMichael* v. *McMichael,* 51 S. C., 557, 29 S. E., 403. The apparent intent can only be given such effect as accords with the established rules governing common law conveyances. The words "lineal heirs," like "heirs of the body," mean all lineal descendants to the remotest posterity and are words of inheritance and not of purchase, unless the instrument clearly shows they were used in a restricted sense to denote "children." *Duckett* v. *Butler,* 67 S. C., 130, 45 S. E., 137; *Holman* v. *Wesner,* 67 S. E., 307, 46 S. E., 206. The words at her death "the said premises are to belong of right in fee simple to the lineal heirs of the said Eleanor B. Clark forever" cannot have such restricting effect, for that would contradict the apparent intent to provide for other of the lineal descendants not children; and, furthermore, the added words are quite as consistent with the theory that they take the fee by inheritance as that they take by purchase.

Under the rule in Shelley's case, if an estate of inheritance be given to the ancestor and a remainder be thereon limited to his heirs, or to the heirs of his body, such remainder is immediately executed in possession in the ancestor, so that the ancestor takes the whole estate in fee simple if the limitation be to heirs general, and in fee conditional if the limitation be to the heirs of the body. *Austin* v. *Payne,* 8 Rich. Eq., 10; *Williams* v. *Foster,* 3 Hill, 193. When, therefore, the deed is construed according to the ordinary rules of construction, and it is ascertained that the words "heirs" or "heirs of the body" are used in their technical sense as describing an entire class or denomination of heirs, the rule in Shelley's case as stated above applies. In using the words "lineal heirs," the grantor in this case evidently intended the limitation to be not only to children but to grandchildren, great-grandchildren, and so on down the line of descent indefinitely. There is nothing in the deed to restrict the meaning of "lineal heirs" to children alone.

The case of *Danner* v. *Prescott,* 5 Rich. Eq., 356, shows that a deed conveying land to A. for life, and after her death to her right heirs, their heirs and assigns forever, does not create "right heirs" (the same as heirs general) into a new stock of inheritance, so as to prevent the operation of the rule in Shelley's case. In *Kennedy* v. *Colcough,* 67 S. C., 122, 45 S. E., 139, the Court held that the rule in Shelley's case applied to a deed "to A. for life, and after her death to her heirs-at-law forever." In *Davenport* v. *Eskew,* 69 S. C., 292, 48 S. E., 223, the Court held that after grant to A. for life, superadded words "then to be distributed equally between her remaining (surviving) heirs" do not prevent the application of the rule in Shelley's case. These cases illustrate the effect of superadded words when the limitations is to heirs general. Logically the same rule should apply when the limitation is to "heirs of the body" or "lineal heirs." So in *Miller* v. *Graham,* 47 S. C., 288, 25 S. E., 797, the Court held that a deed granting to A. "and the heirs of her body," *habendum* to A. "and the heirs of her body and

*their heirs and assigns* forever," warranty to A "and the heirs of her body and *their heirs and assigns"* vests a fee conditional in A. In the case of *Warnock* v. *Wightman,* 1 Brev., 256, a similar ruling was made. As the office of the *habendum* in a deed is to determine what interest or estate is granted by the deed, the foregoing cases would appear to be conclusive that if the deed in the present case had been to "A. for life, and at her death to her lineal heirs, their heirs and assigns forever," A. would take a fee conditional, and no greater effect could be given the superadded words "in fee simple forever."

The cases of *Myers* v. *Anderson,* 1 Strob. Eq., 344; *Mc-Lure* v. *Young,* 3 Rich. Eq., 559; *McIntyre* v. *McIntyre,* 16 S. C., 290; *Boykin* v. *Ancrum,* 28 S. C., 493, 6 S. E., 306; *Simms* v. *Buist,* 52 S. C., 654, 30 S. E., 400, cited by appellant, all related to the construction of wills as to which more liberal rules prevail, because in wills no words of inheritance are necessary to carry the fee, and a limitation may be engrafted upon a fee conditional by way of executory devise, if not too remote. *Selman* v. *Robertson,* 46 S. C., 262, 24 S. E., 187. The exceptions of the plaintiffs-appellants therefore are overruled.

The exceptions of the defendant, Neves, raise the question whether the Court erred in holding that plaintiffs were not made parties to the partition proceedings under which the lands were sold by the probate court in 1873. If plaintiffs were made parties to that proceeding it is conceded that they have no interest in the land. The facts stated in the case on this point are that on November 18, 1873, when the petition for partition was filed, "the usual summons or citation was issued by the probate court requiring the parties to appear and show cause, on the 8th of December, 1873, why the prayer of the petitioners should not be granted. It is conceded that this citation or summons was either served upon all the heirs except these plaintiffs, or they consented in writing to the partition sale.

"As to these plaintiffs, they were minors at the time, some above and some below the age of fourteen years. A separate citation or summons was issued as to them, and on the back thereof appears this indorsement: 'I hereby accept the legal service of a copy of the within citation for myself, as a guardian *ad litem* for my minor children, and certify that a copy for them was served on them.

'(Signed)　　Mary B. Clark.'

"The said Mary B. Clark was not a party to the action, and had no interest therein, but she was the mother of the plaintiffs and the widow of W. A. Clark, the trustee, who was a son of the said Eleanor B. Clark, and who died during the Civil War; the plaintiffs are his children, and, consequently, grand-children of the said Eleanor B. Clark.

"The said record is silent as to any other service of said citation on these plaintiffs except as above shown. Said record shows an order appointing the said Mary B. Clark guardian *ad litem* for said infants, plaintiffs herein, dated on the same day of the filing of the petition for partition, but said record is silent as to any petition for, or notice of the application for, the appointment of such guardian *ad litem*. Said record also shows that a writ of partition was issued, commissioners appointed, a return made by them assigning all these lands to different parties, and an order confirming the said return. None of the lands were assigned to plaintiffs and said record is silent as to their ever receiving any benefit under said proceedings."

When it appears affirmatively on the face of the record that an infant has not been served with summons the infant is not bound by the proceedings. *Bailey* v. *Bailey,* 41 S. C., 337. If the record is silent as to such jurisdictional matters with respect to a Court of general jurisdiction, it will be presumed that what ought to have been done was done; but when the record discloses the manner in which service on an infant was attempted to be made, there is no presumption that they were served in any other way. *Rice* v. *Bamberg,* 59 S. C., 505, 31 S. E., 209. The rule which applies as to

Courts of general jurisdiction applies also to the court of probate. *Thomas* v. *Poole*, 19 S. C., 323; *Turner* v. *Malone*, 24 S. C., 398; *Hendrix* v. *Holden*, 58 S. C., 527, 36 S. E., 1010. The statute, sec. 155, of the Code, requires personal service on all minors, but as to minors under fourteen years of age the service must also be made on the father, mother or guardian. There is nothing in the record to show affirmatively that the minors were not served personally nor that service was not also made on the parent or guardian of such minor; on the contrary, it does appear (though not with the strict proof required) that the mother of the minors was served and she certifies that a copy of the citation was served on the minor children, and it also appears that the mother of these minors was appointed their guardian *ad litem*.

In view of the long lapse of time, the possibility that portions of the record may have been lost or misplaced and the presumptions that must be indulged wherever the record is silent, we must hold that plaintiffs were parties to the proceedings in the probate court and were thereby divested of all their interest in the premises. Under this view the Circuit Court erred in not directing a verdict for defendant and dismissing the complaint in each of the cases.

The judgment of the Circuit Court in the case against B. F. Neves is reversed and the complaint dismissed, and the judgment of the Circuit Court dismissing the complaint in each of the other four cases mentioned in the title is affirmed.