MILLER v. GRAHAM.

DEED—FEE CONDITIONAL—HABENDUM—WARRANTY.—A deed which conveys a tract of land, in the *granting clause* to A "and the heirs of her body," in the *habendum* unto the said A "and the heirs of her body, and their heirs and assigns forever," and in the *warranty* unto the said A "and heirs of her body, and their heirs and assigns," construed to vest a fee conditional in A.

Before ALDRICH, J., Barnwell, April, 1896. Affirmed.

Action for partition by B. E. Miller, Walter C. Miller, J. Clarence Miller, and Bessie D. Miller against Benjamin Graham. The following is the decree of Judge A drich, who tried all the issues:

This is an action in partition, brought by the plaintiffs, who are the children of India J. Miller, alleging that they are each entitled to one undivided one-fifth portion of the premises described in the complaint, and the defendant to the remaining fifth. The defendant answers, denying the title of the plaintiffs, and alleging absolute title in himself, and an issue is thus raised on the law side of the Court. A jury trial is waived, and the case comes on to be heard before me upon such waiver, and the agreement of counsel, by which it appears that both plaintiffs and defendant claim from a common source, the deed of Bryant Weathersbee, dated 25th March, 1882, the plaintiffs contending that, under that deed, they are tenants in common with their mother, India J. Miller, and the defendant that no estate was conveyed to them by said deed; but, on the contrary, that the deed conveyed an estate in fee conditional to their mother; and he being the purchaser at the foreclosure sale of the premises under a mortgage executed by the said India J. Miller, she having issue alive at the time, he is the owner of the absolute fee. The practical question, therefore, is the proper construction of the deed of 25th March, 1882.

The deed in question is written on the ordinary printed form of conveyance used in this State, and the effort of the draftsman to fill the blanks may, in some degree, account for the grounds for contention. The deed purports: "In consideration of the sum of $500 and love and affection to me in hand paid, at and before the sealing and delivery of these presents by my daughter, India J. Miller," to convey "to the said India J. Miller and *the heirs of her body*" the premises described therein. "To have and to hold, etc., unto the said India J. Miller and the heirs of her body, *to her and their heirs and assigns forever.*" The warranty is

19—47

to "the said India J. Miller and the heirs of her body and their heirs and assigns," &c. The contention is as to the proper construction of the words I have italicised in the habendum and warranty clauses—plaintiffs contending they show an intention to use technical words, "heirs of her body," as words of purchase, children, in analogy to the use of such words, in this connection, in those cases where the rule in Shelly's case would otherwise apply. There is no precedent life estate in the case under consideration, and, therefore, it could never fall under the rules adopted to take a case out of the operation of that celebrated case, and the deed in question must be construed by the ordinary rules applicable to such instruments, the first of which is to ascertain the intention of the grantor from the terms used under the rules of law, giving the technical words their technical meaning, unless some other meaning is forced from the context. The words, "heirs of her body," are never equivalent to, or synonymous with, "children," where they "follow and are attached to terms granting an estate to the ancestor. Here these terms are words of limitation, and indicate the grantee takes a fee conditional at common law." *McCown* v. *King*, 23 S. C., 235. The granting clause, the habendum, and the warranty clause are all to India J. Miller and the heirs of her body, the most apt words to convey a fee conditional; so, unless the words, "to her and their heirs and assigns," which are superadded, have the effect of cutting down the estate granted, by the interposition of new grantees, the plaintiff must fail. I do not think, as used in this case, they have any such effect. In *Jordan* v. *Neece*, 36 S. C., 301, it is held, the warranty clause cannot enlarge the estate granted; in *Wright* v. *Herron*, 5 Rich. Eq., 441, that the word, "assigns," cannot have such effect; and in *Danner* v. *Trescott*, *Ibid.*, 366, that the words, "their heirs and assigns," following the "right heirs of the said S. P.," have no such effect, and this although a life estate was interposed and words occurred in the limitation over after the death of the life

tenant. The words, "her heirs," in this connection, are construed, in *Burnett* v. *Burnett*, 17 S. C., 545, to mean the same class of heirs—that is, heirs of the body—so that the deed, read in the light of those authorities, will convey the premises to "India J. Miller and the heirs of her body, to her and their said heirs and assigns forever," etc., which is strictly *per formam doni*, and every part of the deed will be given effect, and there is no repugnance between the premises, habendum, and warranty. I am of opinion that India J. Miller took a fee conditional under this deed, and, having aliened after the birth of issue, the defendant has a fee simple estate in the premises. It follows that the plaintiffs have shown no title, and the complaint must be dismissed, and it is so ordered and adjudged.

From this decree the plaintiffs appeal on the following exceptions:

I. Because his Honor erred in holding that the words, "heirs of the body," as used in the deed of Bryant Weathersbee, were words of limitation, and that India J. Miller took a fee conditional estate at common law under said deed to said land.

II. Because his Honor should have held that the words, "heirs of the body," as used in said deed, were words of purchase and meant children, and that, therefore, the plaintiffs were tenants in common with the defendant, who is now the owner of the interest of said India J. Miller under said deed.

III. Because his Honor erred in holding that the plaintiffs had shown no title to the land in question in said action; whereas his Honor should have held that the plaintiffs took as purchasers directly under the Bryant Weathersbee deed, and not through or under India J. Miller.

IV. Because his Honor should have held that as the plaintiffs and defendant claim from a common source of title (the deed of Bryant Weathersbee), that they were tenants in common under the limitations contained in the

said deed, and were, therefore, entitled to partition of said land.

*Messrs. Patterson & Holman*, for appellants, cite: 42 S. C., 345; 46 S. C., Foster v. Glover; 16 S. C., 292; 1 Strob. Eq., 346; 3 Rich. Eq., 156, 576; 16 S. C., 304; 3 Strob. Eq., 72; 36 S. C., 44.

*Messrs. Allen J. & H. P. Green* and *Bates & Simms*, contra, cite: 1 McM., 462; 42 S. C., 342; 23 S. C., 235; Harp., *492; Martindale on Conv., 90; 5 A. & E. Ency., 456; 3 Wash., *642, *664; 17 S. C., 549; 5 Rich. Eq., 449; Hob., 314; 1 Wood on Con., 199, 212; Shep. Touch., 76; 70 Pa. St., 237; 7 R. I., 118; 23 S. C., 237; 4 Kent Co., 265; 5 Rich. Eq., 356; 2 Strange, 729; 10 Metcalf, 87; 36 S. C., 301; 28 S. C., 240.

July 22, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced in September, 1895, in the Court of Common Pleas for Barnwell County, in this State, for partition of a tract of land among the plaintiffs and defendant as tenants in common therein. The defendant, in his answer, denied such tenancy in common, and alleged that he was in sole and exclusive possession of said tract of land, as the sole owner in fee simple thereof. It seems that Bryant Weathersbee made a deed to said tract of land on the 25th day of March, 1882, to his daughter, Mrs. India J. Miller, who is the mother of the plaintiffs. Mrs. India J. Miller made a deed by way of mortgage, wherein she undertook to convey the entire tract of land as her own to the American Freehold Land Mortgage Company, of London, Limited, and having made default in the payment of the debt secured by such mortgage, it was foreclosed, and at the sale was purchased by the defendant, Benjamin Graham, who paid the purchase money bid at the sale, received a deed therefor, and entered upon the possession thereof. This being a legal issue—we mean the question of title—it was properly triable before a jury,

but by consent of both parties, plaintiffs and defendant, a jury trial was waived, and the trial of this issue committed to the Court. Judge Aldrich heard the cause, and by his judgment sustained the defendant. The plaintiffs have appealed from such judgment, and the judgment and grounds of appeal should be included in the report of the cause. As the whole question depends upon the construction of the deed of Bryant Weathersbee, we will insert it as a whole in this opinion, and it is as follows: "The State of South Carolina. Know all men by these presents: That I, Bryant Weathersbee, in the State aforesaid, in consideration of the sum of $500 and love and affection to me in hand paid at and before the sealing of these presents, by my daughter, India J. Miller, in the State aforesaid (the receipt whereof is hereby acknowledged), have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said India J. Miller, and the heirs of her body, all that tract or parcel of land, containing 150 acres, more or less, * * * Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining: To have and to hold all and singular the said premises before mentioned unto the said India J. Miller and the heirs of her body, to her and their heirs and assigns against me and my heirs and all others lawfully claiming, or to claim, the same or any part thereof. Witness my hand and seal * * * Bryant Weathersbee (L. S.)"

Now, let us look at the question here raised that we are to decide. Defendant contends that the grant in the aforementioned deed to "India J. Miller and the heirs of her body," creates a fee conditional estate in said lands unto the said India J. Miller, and, upon the happening of birth of issue, such estate became alienable by the ancestor, the said India J. Miller; and that she having aliened the same in her lifetime, the purchaser now holds the same in fee simple. The plaintiffs admit that the foregoing is the law of this State, but they contend that, under a proper con-

struction of the words in the *habendum*, "unto the said
India J. Miller and the heirs of her body, *to her and their
heirs and assigns forever*" (italics ours), and also the words
in the warranty clause, "unto the said India J. Miller and
heirs of her body, *and their heirs and assigns*" (italics
ours), it will be manifest that instead of a fee conditional,
it will be found that the grantor intended an estate in
fee simple to be vested in India J. Miller and her four
children, share and share alike. Undoubtedly, the rule is
that, in construing any instrument, the goal to be reached
is the intention of the writer; but it must always be remem-
bered that this intention, by construing the words of the
instrument, is to be derived not "by conjecture, or by what
seems to be natural justice, or what the Court would have
done under the circumstances, but it must be had by the
application of the rules of construction laid down in the
books, and which the wisdom of the past has established
as the best means of reaching the true meaning and intent
of such papers." As before remarked, the existence of an
estate in fee conditional in this State is not doubted, nor
could be, in view of the many adjudications of the ques-
tion in our reports; *Wright* v. *Herron*, 5 Rich. Eq., 441,
and the twenty-five cases cited in the note to that case at
foot of page 449; *Burnett* v. *Burnett*, 17 S. C., 545; *Mc-
Cown* v. *King*, 23 S. C., 232, to which list other cases might
be added. We regard the reference to this estate, so far as
its characteristics are concerned, in the opinion delivered
by Mr. Justice (now Chief Justice) McIver, in the case of
*Burnett* v. *Burnett, supra*, so pertinent to the present in-
quiry, that we will quote a part of such opinion: "The
fundamental difference between an estate in fee conditional
after the condition has been performed and an estate in fee
simple is: 1st. That in the former the course of descent is
confined to a particular class of heirs, and, upon failure to
such heirs, the estate reverts to the donor. 2d. That the
holder of such an estate can only dispose of it by some act
which takes effect during his life. In all other respects,

their qualities and incidents are the same.  In the grant of an estate in fee conditional, heirs of the body are not named on account of any benefit intended for them, or for the purpose of controlling or limiting the ancestor's power of disposition during his life, but simply for the purpose of prescribing the course of descent in case no such disposition is made.  In the case of a fee simple estate, the law prescribes that the estate shall descend to the heirs generally, in case the ancestor makes no disposition of the estate, while in the case of a fee conditional, the instrument creating the estate confines the descent to a particular class of heirs.  Both classes of heirs take by succession from the ancestor.  * * * "

There can be no doubt, under the repeated adjudications of our courts, that the words in the granting clause of this deed, "to India J. Miller and the heirs of her body," create an estate in fee conditional.  The words used are technical words in the law.  And we observe that the grantor uses these technical words both in the *habendum* and *warranty* clauses of this deed.  Under our laws, where the grantor or devisor uses technical words, the conclusion is irresistible that he meant them to be so operative, unless a clear intention appears to the contrary.  Can the words used in the habendum and warranty clauses, "unto the said India J. Miller and heirs of her body, to her and their heirs and assign forever," and "unto the said India J. Miller and heirs of her body, their heirs and assigns," be legally construed to mean *children*, so that the grant of the land shall be made to operate as creating a fee simple in the said India J. Miller and her four children, share and share alike?  We do not think so.  To do this would require that we should destroy the power of reversion to grantor in the lands in case India J. Miller died "without heirs of her body" living, provided she had issue of her body born to her; and, secondly, provided she did not alienate the lands after birth of issue.  By the words used by him, he must be understood to have so intended to create a fee conditional.  Besides all

· this, the granting clause of a will is usually the controlling clause. It is true, that sometimes words of inheritability, such as the word "heirs," occurring in the *habendum*, when no such words occur in the *premises*, or the granting clause, of the deed, are allowed to increase the estate therein from a life estate to that of one in fee. *McLeod* v. *Tarrant*, 39 S. C., 271; 3 Wash. Real Prop., p. 466 of the 5th edition. It has been held by this Court, that the premises of a deed "is that part of a deed that sets forth the number and names of the parties; recitals necessary to explain the transaction; the consideration; and the certainty of the grantor, grantee, and thing granted. 2 Black Com., 241." While, in the same case, touching the *habendum*, its office is thus described: "The office of the *habendum* in a deed is, properly, to determine what interest or estate is granted by the deed. 2 Black Com., 241." *McLeod* v. *Tarrant, supra.* In the case last cited, decided by a divided Court, it was held, that one named as a grantee for the first time in the *habendum*, *along* with a grantee who was named in the *premises alone* (where a life estate was given him), should be held a grantee under such deed. But this conclusion was concurred in by Mr. Justice McGowan, on the grounds that the deed was evidently inartificially drawn, and that, by construing all the parts of the deed together, it was manifest it was intended by the grantor there to include both parties as grantees under the deed. But Mr. Chief Justice McIver, in an elaborate dissenting opinion, refused to acquiesce in such result. The case at bar is entirely distinct in all its features from that of *McLeod* v. *Tarrant, supra*, for here the grantor, *from first to last*, always used the words, "*unto India J. Miller and heirs of her body*." In the case of *Wright* v. *Herron, supra*, the word "assigns" was added to words creating a fee conditional; but the Court sustained the Chancellor on the circuit in holding that this word "assigns," "whether it means the assignees of Nancy Herron or the assignees of the heirs of her body, can have no modifying influence upon the interpretation. Certainly,

the estate in fee conditional is assignable absolutely when the condition is performed; and before birth of issue it is assignable for the life of the tenant, for the time being, and so for the life in succession. Thus the rule of construction which demands, where it is possible, that every part of a deed must have some meaning, is satisfied, without resorting to a forced construction to defeat the obvious intention which the grantor had of giving some interest to the heirs of the body." So we think the words, "her heirs," "their heirs," which, as we have said, occur in the *habendum* and *warranty* clauses of this deed, should be construed as giving to the tenant in fee conditional, in case she could alien the land after issue born, the power, she already had, to convey the estate away in fee simple. It is a solemn thing to interfere in the slightest degree with titles to land by so construing words that they shall have a meaning at variance with adjudications in our State, hoary with age, and hallowed by a practice thereunder for more than a century. The Circuit Judge refused to do so; and we think he acted wisely. We, too, shall refuse to take such a step.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.