## DUCKETT v. BUTLER.

LIMITATION OF ESTATES—RULE IN SHELLEY'S CASE.—A conveyance to A.
for life "and at her death to such heir or heirs as she may hereafter
have. But in the event of her death * * * leaving no lawful issue
then" over, gives to A. a life estate, with remainder to her children.
Rule in Shelley's case and its application stated.

*Whitworth* v. *Stuckey,* 1 Rich. Eq., 404; *Bethea* v. *Bethea,* 48 S. C.,
440; *Sims* v. *Buist,* 52 S. C., 554, *distinguished from this.*

Before TOWNSEND, J., Clarendon, December, 1902. Affirmed.

Action in partition by R. W. Duckett against William
Moses Butler, Lila Y. Butler, Minnie M. Thames, Martha
A. Carter, Belle Butler, Lizzie C. Butler, Pressley Butler
and Abe Butler. From Circuit decree, plaintiff appeals.

*Messrs. Wilson & DuRant,* for appellant, cite: *Rule in Shelley's case is rule of law:* 8 Rich. Eq., 9; 52 S. C., 554; 3 Hill, 193. *Statute executed the use:* 10 S. C., 389; 2 McC., 252; 1 Speer, 356; 4 Strob. Eq., 66; 11 S. C., 71; 12 S. C.., 711; 18 S. C., 186; 15 S. C., 135; 53 S. C., 6; 20 S. E., 161. *As to construction of the deed:* 4 McC., 198; 15 S. C., 441; 17 S. C., 552; 2 Strob. Eq., 101; 6 Rich., 54; 1 Hill Ch., 54; 43 S. C., 443; 57 S. C., 174; 2 Strob. Eq., 101; 48 S. C., 316; 56 S. C., 10; 19 S. C., 350; 1 Strob. Eq., 283; 1 Hill Ch., 311; 2 McC., 256, 444; 47 S. C., 297; 48 S. C., 349; 4 Jones Eq., 277; 65 S. C., 345, 390; 4 Rich. Eq., 307.

*Messrs. Jos. F. Rhame* and *W. C. Davis,* contra, cite: *Application of rule in Shelley's case:* 22 Ency., 512; Fearnes's Contgt. Rem., 197; 2 Wash. R. P., 653; 2 John., 384. *As to construction:* 3 Rich. Eq., 158; 23 S. C., 238; 13 Pet., 89; 16 Pet., 528; 16 S. C., 290, 318; 38 S. C., 417; 11 Ency., 513; ·10 S. C., 365; Bail. Eq., 527; 36 S. C., 38; 42 S. C., 342; 25 S. C., 289; 3 Strob. Eq., 66; 16 S. C., 18; 4 DeS., 459; 23 S. C., 238; 64 S. C., 180, 216.

July 15, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action for partition of land, and his complaint was dismissed upon demurrer for insufficiency, in that it failed to show that plaintiff had any interest in the land described. This appeal involves the correctness of Judge Townsend's construction of a deed of conveyance made in 1874 by Eliza T. Butler to William Moses Butler, "in trust for the sole, separate and exclusive benefit and behoof of Sarah Eliza Butler, daughter of the said William Moses Butler, for and during the term of her natural life, and at her death to such heir or heirs as she hereafter may have. But in the event of the death of the said Sarah Eliza Butler, and in the event of her leaving no lawful issue, then and in that case the said land to be legally distributed between the lawful heirs of the said Wil-

liam Moses Butler." Sarah Eliza Butler was married to plaintiff on 7th June, 1889, and on March 18th, 1890, a child was born to them, which died on the 19th day of March, 1890. The said Sarah Eliza Butler died March 20th, 1890, intestate, leaving as her heirs at law her husband, the plaintiff, her father, the defendant, William Moses Butler, who was the trustee named in the deed, and the other defendants, her brothers and sisters, children of the said William Moses Butler..

The question to be determined is what estate Sarah E. Butler (Duckett) took under the deed. Appellant contends: "I. Under the statute of uses, the legal estate vested in the beneficiaries and the life estate, and the remainders, were both legal estates of the same nature. II. Under the rule in Shelley's case, the words, 'for Sarah E. Butler for and during the term of her natural life, and at her death to such heir or heirs as she hereafter may have,' conveys an estate in fee simple absolutely. III. That the limitation over on condition of her leaving no lawful issue is void, because it is repugnant to the estate already granted, because it is an attempt to mount a fee upon a fee, and because of being too indefinite."

The conclusion reached by the Circuit Court was based upon the following reasons: "The words 'hereafter may have,' show, in my opinion, that the preceding words 'heir or heirs,' mean *children* instead of *heirs generally,* as contended for by the plaintiff. If not, why did the grantor use the word *hereafter?* If the grantor used the words, 'heir or heirs,' to designate *heirs generally,* the word hereafter was meaningless; but if by the use of these words, 'heir or heirs,' she intended to designate *children,* it would have appropriate meaning, because Sarah Eliza Butler must have been a mere girl at the date of the execution of the deed, and would not naturally or reasonably have children until afterwards. The use of the word hereafter was natural and proper to show that by 'heir or heirs,' the grantor intended *child* or *children.* To analyze the thoughts of the grantor

more particularly, no doubt, her thoughts were about as fol-
lows: 'I will give Sarah Eliza Butler a life estate and the
balance to her children; but she is a girl and has no children;
*now;* but she may have children some time, and if she does,
I want *them* to have the land at their mother's death.'   Then
she proceeded to write her deed, and after she had given
Sarah Eliza Butler a life interest or estate in plain terms, she
proceeded to give the remainder to Sarah Eliza's children, if
she should ever have any; and having, no doubt, in her
mind, the popular idea that every child when born is called
'an heir,' she simply wrote 'to such heir or heirs as she here-
after may have,' meaning *such child or children as she here-
after may have.*   And so in reference to the use of the words
'lawful issue' and the words 'lawful heirs,' in the next clause,
the grantor evidently intended *children* in each instance.   So
that, omitting the formal parts of the said deed, and writing
only the parts essential to this discussion, it should read as
follows: 'To have and to hold all and singular the premises
aforesaid with the rights, members, hereditaments and ap-
purtenances thereunto belonging unto the said William
Moses Butler in trust for the uses and purposes hereinafter
mentioned, that is to say, in trust for the sole, separate and
exclusive benefit and behoof of Sarah Eliza Butler, daughter
of said William Moses Butler, for and during the term of
her natural life; and at her death to such *child* or *children*
as she hereafter may have.   But in the event of the death
of the said Sarah Eliza Butler, and in the event of her leav-
ing no lawful children, then and in that case the said land
to be legally distributed between the lawful children of the
said William Moses Butler.'   The above is, in my opinion,
what the grantor intended to write in said deed, and is what
she did write under the light of a proper construction."

We think the Circuit Court properly construed the deed.
When not in violation of some rule of law, the intention of
the maker must prevail, and such intention should be ascer-
tained from a consideration of the whole instrument.   Ac-
cording to our decisions, it is always open to inquiry whether

the grantor or testator used the word "heirs" according to its strict and proper acceptation or in a more inaccurate sense, to denote "children." *Bailey* v. *Patterson,* 3 Rich. Eq., 158; *McCown* v. *King,* 23 S. C., 238, and in numerous cases in this State, "heirs has been construed to mean children." *Moore* v. *Henderson,* 4 DeS. Eq., 459; *Mc-Cown* v. *King, supra; Hayne* v. *Irvine,* 25 S. C., 289; *Lott* v. *Thompson,* 36 S. C., 38; *Shaw* v. *Robinson,* 42 S. C., 342. In addition to what was said by the Circuit Court above, we may say that his view is supported by considering the meaning of the instrument as disclosed in the clause: "But in the event of the death of the said Sarah Eliza Butler * * * leaving no lawful issue, then" over. This clearly shows that the grantor intended to use the words, "heir or heirs," in a restricted sense and not in the sense of heirs generally. The first clause may, therefore, be properly read, "at her death to such lawful issue as she hereafter may have." The common meaning of the word "have" in such a connection is "bear," "to give birth to," "to bring forth, as a child," and so reading the word "have," it is clear that the word "heir," used in the sense of "lawful issue," is further restricted to mean such issue as the said Sarah Eliza Butler may *bear* and leave living at the time of her death, which could mean only, "child or children."

The rule in Shelley's case is not a rule of construction, but a rule of law. Therefore, it is not properly a matter to be considered until the meaning of the instrument has been ascertained under the rules of construction. When the intention of the grantor or devisor has been ascertained under the ordinary rules of construction, then the question properly arises, does that intention violate the rule of law in Shelley's case? That rule is thus stated in *Austin* v. *Payne,* 8 Rich. Eq., 10: "Where an estate of freehold is limited to a person, and the same instrument contains a limitation either mediate or immediate to his heirs, or heirs of his body, the word heirs is a word of limitation, *i. e.,* the ancestor takes the whole estate comprised in this term. Thus, if the limitation be to

the heirs of his body, he takes a fee tail or fee conditional; if to his heirs generally, a fee simple." As stated in *Williams* v. *Foster,* 3 Hill, 193: "By the rule in Shelley's case, which has been an admitted and established rule of law for centuries, and the wisdom of which is more approved as it is better understood, it was determined that if an estate of freehold be given to the ancestor and a remainder be thereon limited to his heirs, or to the heirs of his body, such remainder is immediately executed in possession in the ancestor so taking the freehold, and he takes in estate in fee tail, according to the terms of limitation." In order to bring the rule in Shelley's case into operation, the subsequent estate must be limited to the heirs of the first taker; that is to say, it must be given to their heirs or heirs of the body as an entire class or denomination, and not merely to individuals embraced within such class." 22 Ency. Law, 512, 1 ed.; Fearne Cont. Rem., 197. Inasmuch, then, as children do not constitute the entire class, whether the class be heirs, heirs of the body or issue, but constitute merely certain individuals embraced within such class, this rule has no application. *McLure* v. *Young,* 3 Rich. Eq., 559; *Bannister* v. *Bull,* 16 S. C., 228. Whenever, therefore, the word heirs is used in the sense of children, it is a word of purchase and not of limitation. Cases like *Whitworth* v. *Stucky,* 1 Rich. Eq., 404; *Bethea* v. *Bethea,* 48 S. C., 440; *Simons* v. *Buist,* 52 S. C., 554, do not conflict with this view, for there was nothing in the instruments under consideration in these cases to show that such terms of "lawful issue of body," "heirs of her body," were used in a restricted sense, denoting children. It follows, from what has been said, that Sarah E. Butler, the wife of plaintiff, took merely a life estate under the deed, and that upon her death without leaving a child, the limitation over to the "lawful heirs" of William Moses Butler holds, and that plaintiff has no interest in the land as heir at law of his said wife. This warranted the Circuit Court in dismissing the complaint for partition.

The judgment of the Circuit Court is affirmed.