## POSTON v. MIDLAND TIMBER CO.

Limitation of Estates.—A deed repeating in the *habendum* clause the word *"heirs"* is inoperative to vary the construction. A deed granting lands to V. "her lifetime and at her decease to her lawful heirs * * * heirs and assigns forever," conveys to V. a fee simple estate.

Before Hydrick, J., Williamsburg, October, 1906. Affirmed.

Action by S. B. Poston against Midland Timber Co. From judgment for plaintiff, defendant appeals.

*Messrs. Lee & Askins,* for appellant, cite: 67 S. C., 134; 17 Ency., 2 ed., 7, *19; 33 S. C., 218; 64 S. C., 186; 19 S. C., 351; 8 Rich. Eq., 10; 1 McC. Ch., 83; 42 S. C., 342; 25 S. C., 289; 23 S. C., 46, 238; 16 S. C., 294.

*Mr. R. J. Kirk,* contra, cites: 25 Ency., 2 ed., 642; 67 S. C., 134; 15 Ency., 320; 64 S. C., 185; 65 S. C., 345; 67 S. C., 118; 69 S. C., 292.

January 16, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint alleges that the plaintiff and the defendant entered into a contract, whereby the plaintiff agreed to sell to the defendant, the timber on the land described in the complaint, for which the defendant agreed to pay $700. The action is to enforce specific performance, and the defendant refuses to comply with the contract, on the ground that the plaintiff is not the owner in fee of the land.

The attorneys for the respective parties entered into the following agreement:

"It is hereby mutually agreed that this cause shall be tried by the Court, on the pleadings and the deed from Timothy Prosser to Virginia C. Prosser, dated September 18th, 1895, and recorded in vol. 'V.,' page 394, of the registrar's office for said county, on the 3d day of February, 1896, which said deed is admitted in evidence.

"It is agreed that the sole question to be decided by the Court is as follows: Under the deed of Timothy Prosser above described, did Virginia C. Prosser take an estate in fee simple to the premises conveyed, or did she take only a life estate? If the Court holds that Virginia C. Prosser took an estate in fee, then the plaintiff shall be adjudged entitled to the relief demanded in the complaint."

The deed is as follows: "The State of South Carolina, Williamsburg County.

"Know all men by these presents, That I, Timothy Prosser, of Williamsburg County, in the State aforesaid, in con-

sideration of the sum of two hundred dollars to me in hand
paid at and before the sealing of the presents, by Virginia C.
Prosser, of Williamsburg County, in the State aforesaid
(the receipt whereof is hereby acknowledged), have granted
and bargained, sold and released, and by these presents do
grant, bargain, sell and release unto the said Virginia C.
Prosser, all that the within mentioned meassuage tenement
and tract of land lying and being in the county and State
aforesaid, and containing one hundred and eighty acres, it
being one-half of a tract of land purchased under tax sale
against the estate of Joseph W. Kimball and sold by Joseph
E. Brockinton as sheriff of Williamsburg County, July 6th,
1891, and bounding as follows: East by part of same tract,
north in part on Lynch's River and land of Eldridge F.
Prosser, west by lands of Mary E. and W. S. Eaddy, and
there shall be at least sixteen feet reserved on west side of
said tract of land as an outlet to public highway, south tract
purchased of Mrs. S. G. B. Lawrence and known as tract
No. 2, and surveyed by M. A. Thomas, January first, 1891.
(And I do hereby reserve my life estate in said premises, to
have and enjoy the same at will and pleasure so long as I
shall live.)

"Together with all and singular the rights, members,
hereditaments and appurtenances to the said premises be-
longing or in any wise incident or appertaining:

"To have and to hold all and singular the said premises
before mentioned unto the said Virginia C. Prosser, her
lifetime, and at her decease to her lawful heirs * * * heirs
and assigns forever.

"(I reserving my life estate in the said above mentioned
premises, to have and enjoy the same at will and pleasure so
long as I shall live.)

"And I do hereby bind myself and my heirs, executors
and administrators, to warrant and forever defend all and
singular the said premises unto the said Virginia C. Prosser,
her heirs and assigns against me and my heirs or any other

person or persons lawfully claiming or to claim the same or any part thereof."

His Honor, the presiding Judge, ruled that the use of the word "heirs" twice in the habendum clause, was a mere clerical error and surplusage; that the grantee named in the deed (from whom the plaintiff traces title) took an estate in fee simple; and that the plaintiff was entitled to the relief demanded in the complaint.

As stated in the foregoing agreement, the only question is whether the grantee took an estate for life or in fee simple. This case is conclusively settled by the case of *Danner* v. *Trescott,* 5 Rich. Eq., 356, 358, in which the Court affirmed the decree of Chancellor Dargan, who said: "I am aware of no case, English or American, where, even in reference to personal property, this idea of cutting down what would otherwise be a fee, by superadded words of limitation, indicating an intent to create a new stock, has ever been applied in a case where the gift to the first taker was to him and his heirs general." Jarman (2 Jarm. Wills, 271,) lays down the doctrine broadly, "that where the superadded words amount to a mere repetition of the preceding words of limitation, they are, *of course,* inoperative to vary the construction." This language is quoted with approval in the case of *Danner* v. *Trescott,* 5 Rich. Eq., 356.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.