7259

## WILLIAMS v. GAUSE.

1. LIMITATION OF ESTATES.—A DEED in the usual form except granting in the *habendum* to G. "his lawful heirs and their lawful heirs forever" conveys to G. a fee simple estate.

2. IBID.—A' DEED in the usual form except granting in the *habendum* to G. "and his lawful issue and their lawful issue forever" conveys to G. a fee conditional.

Before DANTZLER, J., Florence, December, 1908. Affirmed.

Action by A. H. Williams, trustee in bankruptcy of W. B. Gause, against W. B. Gause, Clinton Gause, and others. From Circuit decree, defendants appeal.

*Messrs. Kelly & Hinds,* for appellants, cite: *Rules of construction:* 13 Cyc., 619, 601, 604, 605; 52 Am. Dec., 479; 42 S. C., 345; 3 Strob. Eq., 66; 3 Rich. Eq., 158; 36 S. C., 38; 25 S. C., 289; 48 S. C., 18; 22 Am. St. R., 549; 24 Id., 438; 17 Id., 575; 10 S. C., 354, 414. *The word "issue," when used in a deed, is always a word of purchase:* 23 Cyc., 364; 11 Ency., 376; 13 Cyc., 664; 2 Wash. Real Prop., 604; 11 Rich. Eq., 397; 16 S. C., 310; 1 Strob. Eq., 344; 40 S. C., 475.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: *As to the construction of the first deed:* 5 Rich. Eq., 356; 76 S. C., 36; 69 S. C., 292; 76 S. C., 488. *As to the construction of the second deed:* Jarman on Wills, 203; 10 S. C., 426; 1 Rich. Eq., 404; 48 S. C., 440; Dud. Eq., 83; 16 S. C., 311; 67 S. C., 307, 130.

July 21, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced for the purpose of having the Court construe two deeds, executed

by W. N. Gause on the 20th of March, 1894. The deeds were in the usual form, except as to the *habendum,* and W. B. Gause was the grantee in each deed.

The deed which will be construed first has the following *habendum* clause: "To have and to hold all and singular the said premises unto the said W. B. Gause, his lawful heirs, and their lawful heirs, forever."

It was contended by the defendant that the language used by the grantor in this *habendum* clause had the effect of creating in W. B. Gause not a fee simple title, but merely a life estate, with remainder to his children as purchasers.

His Honor, the Circuit Judge, held that W. B. Gause took a fee simple.

The defendants appealed on the ground that the Circuit Judge erred in so ruling, and not in holding that the words, "his lawful heirs," should be construed to mean children, and that W. B. Gause, therefore, took only a life estate.

In the case of *Poston* v. *Midland Timber Co.,* 76 S. C., 36, 39, 56 S. E., 546, the Court had under consideration the construction of a deed in which the *habendum* clause was: "To have and to hold all and singular the said premises unto the said Virginia C. Prosser her lifetime, and at her decease to her lawful heirs, * * * heirs and assigns, forever." The Court said: "The only question is whether the grantee took an estate for life or in fee simple. This case is conclusively settled by the case of *Danner* v. *Trescott,* 5 Rich. Eq., 356, 358, in which the Court affirmed the decree of Chancellor Dargan, who said: 'I am aware of no case, English or American, where, even in reference to personal property, this idea of cutting down what otherwise would be a fee by superadded words of limitation, indicating an intent to create a new stock, has ever been applied in a case where the gift to the first taker was to him and his heirs general.'"

In the case of *Clark* v. *Neves,* 76 S. C., 484, 488, 57 S. E., 614, the Court used this language: "The case of *Danner*

*v. Trescott,* 5 Rich. Eq., 356, shows that a deed conveying land to A for life, and after her death to her right heirs, their heirs and assigns, forever, does not create 'right heirs' (the same as general heirs) into a new stock of inheritance, so as to prevent the operation of the rule in Shelley's case."

These authorities are conclusive of this question.

We proceed to construe the deed in which the *habendum* clause was: "To have and to hold all and singular the said premises unto the said W. B. Gause and his lawful issue, and their lawful issue, forever."

The defendants contended, on circuit, that, in the first place, "issue" is a word of purchase and not of limitation; and, second, that a fee conditional is an estate of inheritance, and, therefore, the language used in the *habendum* clause is insufficient to create an estate of inheritance, either fee simple or conditional; that W. B. Gause took a life estate, his children took a life estate after his death, and that after the death of the children the property will revert to the grantor.

His Honor, the Circuit Judge, ruled that the words in the *habendum* created in W. B. Gause a fee conditional.

The defendants appealed on the ground that the Circuit Judge erred in so ruling, and in not holding that only a life estate was created, as there were no words of inheritance.

In *Williams* v. *Kibler,* 10 S. C., 414, 426, the Court uses this language: "The difference between the present case and that of *McCorkle* v. *Black,* 7 Rich. Eq., 407, is to the extent that the word 'children' differs in its technical sense from the word 'issue.' The former is primarily a word of purchase and not of limitation, while the latter 'issue' is *nomen collectivum*—'not less extensive in its import than heirs of the body; it embraces the whole line of lineal descendants.' 2 Jar., 331."

The case of *McIntyre* v. *McIntyre,* 16 S. C., 290, shows that "issue" is a word of limitation, unless it is so qualified by additional words as to evince an intention that it is not to

be taken as descripive of an indefinite line of descent, but is used to indicate a new stock of inheritance.

In the case of *Holman* v. *Wesner,* 67 S. C., 307, 309, 45 S. E., 206, the rule is thus stated: "The words 'issues of the body,' like 'heirs of the body,' mean all lineal descendants to the remotest posterity, and are words of inheritance and not of purchase, unless the instrument shows they were used in a restricted sense, as to indicate 'children.'" See, also, *Dockett* v. *Butler,* 67 S. C., 130, 45 S. E., 137.

The appellants, however, rely upon the case of *Mendenhall* v. *Mower,* 16 S. C., 303, 311, in which the Court uses this language: "The term used in this case is the word 'issue.' This, as to real property, is not the apt word of inheritance, and does not in itself convey a fee in a deed." The Court also says: "Hence, when this word is used in a deed, the question is open as to the intent of the grantor. * * * The word issue is susceptible of three meanings: 1. It may describe a class of persons, who are to take as joint-tenants with the parties named. 2. It may be descriptive of a class, who are to take at a definite and fixed time as purchasers; and 3. It may denote an indefinite succession of lineal descendants, who are to take by inheritance. Whenever this word is used, either in a deed or will, it must be used in one of these senses. The difficulty in most cases is to determine in which of these senses it has been employed."

They also rely upon the case of *Markley* v. *Singletary,* 11 Rich. Eq., 393, 397, in which the Court says: "It must be observed that the instrument which created these estates is a *deed,* and the term used to describe those to whom the remainder is limited is 'issue.' The word 'issue' in a deed is *designatio personae,* always a word of purchase. An estate in fee conditional (Hayes' Lim., 15, 52) could not be created by deed by the use of this word, even when clearly designed as a word of limitation as 'to A and his issue.' Again, in *Meyers* v. *Anderson,* 1 Strob. Eq., 344, already

adverted to, it was held that when the gift was 'to A for life, and after her death to be the absolute property of the issue of her body, forever,' the issue of A took as purchasers. The reason assigned was that the words showed an intent to constitute the 'issue' a new stock of inheritance or succession."

The cases of *McIntyre* v. *McIntyre,* 16 S. C., 290, and *Mendenhall* v. *Mower,* 16 S. C., 303, were filed on the same day, and the case of *Holman* v. *Wesner,* 67 S. C., 307, 45 S. E., 206, is later than the cases upon which the appellants rely.

Our conclusion is that the correct rule is stated in the cases first mentioned, and that "issue" is a word of limitation except when the language of the deed shows that it was intended as a word of purchase.

We, therefore, turn to the consideration of the question whether there are any words in this deed manifesting an intention on the part of the grantor to use the word "issue" to indicate a new stock of inheritance and not as descriptive of an indefinite line of descent.

There are none such unless the words "and their lawful issue forever" have this effect.

In the case of *Miller* v. *Graham,* 47 S. C., 288, 25 S. E., 165, the Court had under consideration a deed which conveyed a tract of land in the granting clause to A "and the heirs of her body," in the *habendum* unto the said A "and the heirs of her body, and their heirs and assigns, forever ;" and in the warranty unto the said A "and heirs of her body, and their heirs and assigns." The Court construed the deed as vesting a fee conditional in A.

In the case of *Clark* v. *Neves,* Mr. Justice (now Chief Justice) Jones, after discussing the case of *Miller* v. *Graham,* 47 S. C., 288, 25 S. C., 165, and others, says, at page 489: "As the office of the *habendum* in a deed is to determine what interest or estate is granted by the deed, the foregoing cases would appear to be conclusive that if the

deed in the present case had been to 'A for life, and at her death to her lineal heirs, their heirs and assigns, forever,' A would take a fee conditional, and that no greater effect could be given the superadded words 'in fee simple forever.' The cases of *Meyers* v. *Anderson,* 1 Strob. Eq., 344; *McLure* v. *Young,* 3 Rich. Eq., 559; *McIntyre* v. *McIntyre,* 16 S. C., 290; *Boykin* v. *Ancrum,* 28 S. C., 493, 6 S. E., 493; *Simms* v. *Buist,* 52 S. C.,·654, 30 S. E., 400, cited by appellant, all related to the construction of wills, as to which more liberal rules prevail, because in wills no words of inheritance are necessary to carry the fee, and a limitation may be grafted upon a fee conditional, by way of executory devise, if not too remote. *Selman* v. *Robertson,* 48 S. C., 262, 24 S. E., 187."

There is another reason why the proposition for which the appellants contend can not be sustained.

In *Duckett* v. *Butler,* 67 S. C., 130, 135, 45 S. E., 137, the Court quotes with approval the following language from 22 Enc. of Law (1st ed.), 512: "In order to bring the rule in Shelley's case into operation, the subsequent estate must be limited to the heirs *qua* heirs of the first taker—that is to say, it must be given to the heirs or heirs of the body, as an entire class or denomination of persons, and not merely to individuals embraced within such class." After which the Court says: "Inasmuch, then, as children do not constitute the entire class, whether the class be heirs, heirs of the body or issue, but constitute certain individuals embraced within such class, this rule has no application."

In other words, "children" is not a word of limitation except in very rare instances, as in the case of *Dillard* v. *Yarboro,* 77 S. C., 227, 57 S. E., 841, where it was held that, under the circumstances therein mentioned, the word "children" must be construed to mean "heirs of the body."

If the word "issue," in the case under consideration, should be construed to mean "children," when it first appears in the *habendum,* it must also receive that interpre-

tation when used in the superadded words, "and their lawful issue forever." *Warnock* v. *Wightmen,* 1 Brev., 331. The *habendum* would then read: "Unto W. B. Gause and his lawful children, and their lawful children, forever."

In such case there would be no words of inheritance, and consequently no disposition of the fee.

This would be a forced construction and would defeat the manifest intention of the grantor.

The judgment is affirmed.