8974

SLIGH v. SLIGH *ET AL.*

(83 S. E. 260.)

DEEDS.   LIMITATIONS OF ESTATES.   FEE CONDITIONAL.

1. A deed of lands to A in trust for B and C during their natural life, and at their death to their issue, but in case of no issue, then over (B and C having no issue at the time of the execution of the deed), created a fee conditional in B and C; and upon issue being born to B he could by his deed convey a fee in the portion of lands so held by him to his grantee.
2. The term "issue" in a deed is ordinarily one of limitation, in the absence of other words showing it was intended as a word of purchase.

Before BOWMAN, J., Newberry, March, 1914.    Affirmed.

Action by Robert C. Sligh against Annie G. Sligh, Bernice J. Sligh, Geo. B. Sligh, Robt. E. Sligh, Gussie E. Sligh,

FOOTNOTE.—See note on rule in Shelley's case, in 29 L. R. A. (N. S.) 963 to 1170, and 3 A. & E. Ann. Cas. 31.   See, also, *Folk* v. *Hughes*, 100 S. C. 220, 84 S. E. 713.   As to effect of limitation over on operation of rule, see note in 3 A. & E. Ann. Cas. 397.

Clarence F. Sligh, Thomas P. Sligh, J. W. Lominick and G. F. Sligh. From a decree in favor of the plaintiff,, the defendants appeal. The facts are stated in the opinion.

*Mr. B. V. Chapman,* for appellants, cites: 11 Rich. Eq. 393; 95 S. C. 368; 16 S. C. 303.

*Messrs. Hunt, Hunt & Hunter,* for respondent, cite: *Trust executed:* 2 Rich. Eq. 53; 61 S. C. 249. *Fee conditional:* 1 Rich. Eq. 404; 76 S. C. 487; 67 S. C. 307; 91 S. C. 184; 67 S. C. 131; 67 S. C. 118.

October 22, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action involves the construction of the deed hereinafter mentioned, for the purpose of determining, whether the plaintiff is entitled to a decree for specific performance, against the defendants, J. W. Lominick and G. H. Sligh, with whom he entered into an agreement, for the sale of that part of the land described in the complaint, of which he claims to be the owner in fee conditional.

The record shows, that Philip Sligh made a conveyance of a tract of land in Newberry county to W. G. Metts, on the 31st of July, 1871, for the following purposes:

"In trust, however, for the sole and separate use of Thomas E. Sligh and Robert C. Sligh during their natural life and at their death to their issue, but in case of no issue, then to their next of kin, reserving to myself the right in case of the death of W. G. Metts, to appoint a new trustee in case I am then living, but in case of the death of both of us, before the said children arrive at the age of twenty-one years, then the right is hereby given them to select a trustee in his stead, if it be necessary."

The following statement of facts appears in the record:

"That at the time of the deed from Philip Sligh to W. G. Metts, as trustee for Thomas E. Sligh and Robert C. Sligh, the said Thomas E. Sligh and Robert C. Sligh were minors of tender years, neither one having married and neither one having any children.

That about twenty-five years ago, the land was divided between the said Robert C. Sligh and Thomas E. Sligh, the said Robert C. Sligh getting the tract described in the complaint, and the said Thomas E. Sligh getting the balance. Each one went into possession of the tract set apart to him; the said Thomas E. Sligh remaining in the possession of his part until his death, after which it was partitioned among his children; the said Robert C. Sligh having been continually in possession of the part set aside to him, to this time.

That the said W. G. Metts, who was named as trustee, although still living, has had nothing to do with the land, since the division between the said Thomas E. Sligh and Robert C. Sligh.

That the said Robert C. Sligh married a good many years ago, and now has children, named in the complaint as defendants."

His Honor, the Circuit Judge, ruled that the plaintiff, Robert C. Sligh, took a fee conditional, and, as issue was thereafter born to him, he can now make a good title.

The sole question is whether said ruling was erroneous.

The case of *Williams* v. *Gause,* 83 S. C. 265, 65 S. E. 241, decides that "issue" is a word of limitation, unless it is so qualified by additional words as to show an intention that it is not to be taken as descriptive of an indefinite line of descent, but is used to indicate a new stock of inheritance; in other words, it is primarily a word of limitation, and not of purchase.

There are no words in the deed under consideration showing that "issue" was intended as a word of purchase.

As the cases touching this question were so recently reviewed, in *Williams* v. *Gause,* 83 S. C. 265, 65 S. E. 241, we do not deem it necessary to cite other authorities.

Judgment affirmed.